**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

_____
                                        )
INTRACOMM, INC. <u>et al</u>.              )
                                        )
          Plaintiffs,                   )
                                        )
v.                                      )   Civil Action No.  05-0955
                                        )
KEN S. BAJAJ <u>et al</u>.                 )
                                        )
          Defendants.                   )
_____)

## <u>ORDER</u>

     This matter comes before the Court on Plaintiffs' Motion For
Remand.

     The Court finds that Count II of Plaintiffs' Complaint
states a claim for relief that relies upon an interpretation of
the Fair Labor Standards Act of 1938.  29 U.S.C. §§ 201 -219
(2000).  This means that the case could have originally  been
brought in a United States District Court under federal question
subject matter jurisdiction.  28 U.S.C. § 1331 (2000).  Thus,
Defendants' had the ability to remove the case from the Fairfax
County Circuit Court to the United States District Court for the
Eastern District of Virginia, Alexandria Division.  <u>Id</u>. at §
1441(a).

     While only one of the eight counts in Plaintiffs' Complaint
concerned a federal question, all eight counts were properly

removed under § 1441(c) because "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by § 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein." Id. at § 1441(c).  Thus, the Court has the ability to "determine all issues therein" and not just the federal question claim in Count II.  Id.

     The Court has discretion to remand "all matters in which State law predominates" Id.  As an initial matter, it appears to the Court that Counts I and III-VIII are sufficiently interwoven and connected to the federal question claim in Count II that § 1441(c) does not apply in this matter.  However, even if Counts I and III-VIII are separate and independent, the Court finds that it will retain all eight counts of Plaintiffs' Complaint for the sake of judicial economy.  Finally, Defendants' Notice of Removal was timely filed within thirty days in the proper place in compliance.  Id. at § 1446.  It is hereby

     ORDERED that Plaintiffs' Motion For Remand is DENIED.


                                        /s/
                              _____
                              CLAUDE M. HILTON
                              UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 12, 2005